IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAJNEE HUBER and THOMAS HUBER,

    Plaintiffs,

vs.                                        Civ. No. 25-1314 KK/SCY

PROGRESSIVE INSURANCE COMPANY,

    Defendant.

## ORDER TO FILE RULE 7.1 NOTICE AND AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 3. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

The Notice of Removal relies on "negative" statements of citizenship (i.e., asserting a party is not a citizen of a particular state instead of asserting the that the party is a citizen of a particular state). Doc. 1 ¶ 4. A party invoking diversity jurisdiction must specifically allege the citizenship of each defendant, not just that a defendant is not a citizen of the same state as any plaintiff. *Cameron v. Hodges*, 127 U.S. 322, 322 (1888); *Dancel v. Groupon, Inc.*, 940 F.3d 381, 385 (7th Cir. 2019); *see also Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1226 (11th Cir. 2017); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011); *Thurston v. Page*, 920 F. Supp. 152, 154 (D. Kan. 1996); *McCracken v. Murphy*, 328 F. Supp. 2nd 530, 535 (E.D. Pa. 2004). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). To be sufficient to invoke jurisdiction, the Notice of Removal must affirmatively state Defendant's citizenship.

Further, the Notice of Removal alleges that both Plaintiffs are citizens of New Mexico, *id.*, yet the Complaint avers that one Plaintiff lives in Nevada, Doc. 1-1 ¶ 2. The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of

2

jurisdiction."). In keeping with this intent, the Court orders Plaintiffs to file a Rule 7.1 notice within 14 days of the date of this Order.

After the citizenship disclosure statements are filed, the Court will give Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Plaintiffs file a citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than January 16, 2026.

**IT IS HEREBY ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than January 23, 2026.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by January 23, 2026, the Court may remand this action back to state district court.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE