**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RANJEE HUBER and THOMAS HUBER,

     Plaintiffs,

v.                                  Case No. 1:25-cv-01314-JCH-SCY

PROGRESSIVE INSURANCE COMPANY,

     Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO AMEND**

     In their civil complaint, Plaintiffs Ranjee Huber and Thomas Huber allege they are entitled to monetary damages pursuant to their claim for underinsured motorist coverage ("UIM") related to a motor vehicle accident in Santa Fe, New Mexico. Doc. 1-1 at 3 ¶ 10, 6-7 ¶¶ 24-33 ("Complaint"). Defendant Progressive Preferred Insurance Co.[1] ("Progressive") removed the case in late December 2025. *See* Doc. 1.

     Now, this matter is before the Court on Plaintiffs' Opposed Motion to File an Amended Complaint, Doc. 21 ("Motion"), which included their Proposed First Amended Complaint for Damages as an exhibit. Doc. 21-1. There, Plaintiffs add a second cause of action against Progressive for alleged violations of the New Mexico Unfair Practices Act, NMSA 1978, § 59A-16-20 (2025). *Id.* at 8-9. Progressive opposes the request, arguing Plaintiffs' untimeliness in moving to amend is dispositive. Doc. 27 at 2-4. For the reasons explained below, having reviewing

---

[1] Progressive has twice clarified that Plaintiffs incorrectly named "Progressive Insurance Company" as the defendant instead of "Progressive Preferred Insurance Co." Doc. 27 at 1; *see also* Doc. 3 at 1 (noting in its answer to the Complaint it was "incorrectly identified"). Though not pertinent to resolution of the current motion, the Court notes that all allegations against "Progressive Insurance Company" are construed as if made against "Progressive Preferred Insurance Co."

the parties' submissions and the applicable law, and being otherwise fully informed, the Court grants the Motion. Doc. 21.

## DISCUSSION

The Court shall allow plaintiffs to amend their complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified). "[D]istrict courts may withhold leave to amend only for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," or futility. *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citation modified).

Here, Plaintiffs may amend their Complaint to add the proposed second cause of action. First, their request is not raised in bad faith nor improperly motivated. Progressive does not claim as much in its opposition. Second, this is the first time Plaintiffs have moved to amend their Complaint. Third, Progressive's untimeliness argument lacks merit. According to the current scheduling order,[2] Plaintiffs had until March 13, 2026, to amend their pleadings in accord with Rule 15(a) of the Federal Rules of Civil Procedure. Doc. 22 at 2. So, the Motion was timely filed. Also, considering this litigation is in its nascent stages and Progressive may still move for dismissal, allowing Plaintiffs to amend will not unduly delay or prejudice Progressive. *See id.* (outlining that the deadline for discovery is September 17, 2026, and motions related to discovery

---

[2] In their reply brief, Plaintiffs initially assert that "[n]o scheduling order has been entered by the Court." Doc. 29 at 3. Later, they posit the Motion was filed "before the case management order for amendment had passed." *Id.* at 5. Their latter contention is correct. United States Magistrate Judge Steven C. Yarbrough entered the controlling scheduling order one day after the Motion was filed and almost a month before Plaintiffs' reply. Doc. 22 (filed March 10, 2026).

are due on or before October 8, 2026). Finally, Progressive has not argued that the proposed amendment is futile. *See* Doc. 27 at 4-8 (focusing on undue delay and the lack of explanation for amendment). Thus, under Rule 15(a)(2), the Court can discern no basis to deny Plaintiffs' Motion.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiffs' Opposed Motion to File an Amended Complaint. Doc. 21. Plaintiffs shall file an amended complaint as a stand-alone pleading within five days of the entry of this Order.

Lastly, the Court orders Plaintiffs amend the case caption and correct Defendant's name in the forthcoming amended complaint. *See supra* n.1. Accordingly, Progressive Insurance Company shall hereby be corrected to Progressive Preferred Insurance Co. The Clerk of the Court is directed to amend the docket to reflect this correction.

It is so ordered.

_____
SENIOR UNITED STATES DISTRICT JUDGE